UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br>v.<br><br>JOHN DOE subscriber assigned IP address 70.170.107.43,<br><br>    Defendant. | Case No. 2:19-cv-00144-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference (ECF No. 5), filed on February 13, 2019. Since no Defendants have been named or served, no opposition or reply briefs have been filed.

## **BACKGROUND**

On July 25, 2019, Plaintiff Strike 3 Holdings LLC., ("Plaintiff") filed a complaint against John Doe subscriber assigned IP address 70.170.107.43 ("Defendant"). Plaintiff asserts that it is the registered owner of the copyright for digital media and motion pictures featured on its brand's subscription-based adult websites. *Complaint* (ECF No. 1, 3). Plaintiff alleges a claim of copyright infringement, stating that Defendant reproduced and distributed Plaintiff's copyrighted work through the use of BitTorrent, a peer-to-peer file sharing system. *Id*. at 3-4. Plaintiff filed the instant Motion requesting leave to serve a third party subpoena prior to discovery in order to ascertain the identity of the Doe Defendant from their Internet Service Providers ("ISPs") through their Internet Protocol ("IP") address. To obtain the IP address of the Defendant using BitTorrent Plaintiff hired forensic investigator, IPP International UG ("IPP"). ECF No. 5-1, Decl. of Tobias Fieser ("Fieser Decl."), Ex. 1. Since Plaintiff can only identify Defendant via the IP address, it seeks leave to serve a Rule 45 subpoena on the ISP and any

1

related intermediary ISPs demanding the true name and address of the Defendant to whom the ISP issued an Internet Protocol ("IP") address. ECF No. 5, 2. Plaintiff asserts that it will only use this information to prosecute the claims made in its Complaint. *Id*. at 2.

Plaintiff represents that good cause exists to grant its request because: (1) it identified Doe Defendant with sufficient specificity, (2) Plaintiff's Complaint could withstand a motion to dismiss, (3) there is a reasonable likelihood that Plaintiff can identify the Defendant and effectuate service, and (4) Plaintiff cannot properly identify and serve the Defendant without the subpoena. *Id*. at 5-11.

## **LEGAL STANDARDS**

**I.  The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

**II.  Discovery Requests Prior to the Rule 26(f) Conference**

Generally, discovery is not permitted without a court order before the parties have held a conference pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D.Cal.1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). "The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is

filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 2012 U.S. Dist. LEXIS 62980, *7 (S.D.Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977)). To determine whether to grant a request for early discovery, the court shall apply the conventional "good cause" standard that weighs the need for discovery to further justice against the prejudice to the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.Cal.2002).

Courts in this district apply a three-factor test when considering motions for early discovery to locate certain defendants. *Columbia Ins.*, 185 F.R.D. at 578–80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id*. at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id*. at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id*. (citing *Gillespie*, 629 F.2d at 642). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing to pursue an action against defendant," plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who allegedly committed the act. *Id*. at 579–80 (citing *Plant v. Various John Does*, 19 F.Supp.2d 1316, 1321 n. 2 (S.D.Fla.1998)).

Typically, District Courts within the Ninth Circuit have found good cause supporting a request for early or expedited discovery in copyright infringement cases where the plaintiff alleges that its copyrighted work has been infringed upon through a peer-to-peer file sharing system, and sought early discovery to obtain the identities and addresses of the alleged infringers through their respective ISPs. See, e.g., *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D.

Cal. 2008) (granting leave to serve Rule 45 subpoena to identify doe defendant); *Malibu Media, LLC v. John Does 1-10*, 2012 WL 5382304 (C.D. Cal. June 27, 2012) (same).

**DISCUSSION**

**I.  Good Cause Exists for Leave to Conduct Expedited Discovery**

Plaintiff has demonstrated good cause exists for leave to take limited early discovery by successfully pleading the three factors discussed above.

**A.  Identification of Missing Parties with Sufficient Specificity**

Due to the nature of internet copyright infringement cases, Plaintiff is only required to identify Defendant with sufficient specificity "to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia Ins*., 185 F.R.D. at 578. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011)).

Here, Plaintiff used Maxmind, a geolocation technology, to trace Defendant's IP address to a geographic area within the Court's jurisdiction. Plaintiff submitted a chart (albeit to its Complaint) that lists the unique IP address which corresponds to the individual Defendant and the ISP it is associated with. See Complaint (ECF No. 1-1); see also Fieser Decl. (ECF No. 5-1). The list also includes the dates and times of the alleged infringing activity, as well as the city and state where the IP address is located. *Id*. Therefore, Plaintiff has identified the Doe Defendant with sufficient specificity and has presented evidence that the IP address is physically located in this district. See *OpenMind Solutions*, 2011 WL 4715200 (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California).

**B.  Previous Attempts to Locate the Unknown Defendant**

Plaintiff is also required to describe what good faith attempts have been made to locate and serve Defendant. See *Columbia Ins*., 185 F.R.D. at 579. Plaintiff's motion alleges several

ways in which it attempted to identify Defendant including: searching the Defendant's IP address on various search engines like http://www.google.com; research on its ability to identify the Defendant by means outside of the instant motion; and hiring computer investigator and cyber security consultant. ECF No. 5. Plaintiff maintains that it "has been unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet." *Id*. at 7. Thus, Plaintiff argues that it has established good cause. *Id*. The Court agrees. It appears as though Plaintiff has utilized all available avenues in a good faith effort to identify and locate Defendants. Thus, this factor has been met.

### C. Ability to Withstand a Motion to Dismiss

The last prong requires Plaintiff to show "that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins*., 185 F.R.D. at 580. In other words, Plaintiff must demonstrate that its Complaint is able to withstand a motion to dismiss. *Id*. at 579.

To prevail in a copyright infringement action, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003); *Ets-Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1073 (9th Cir. 2000)).

Plaintiff's complaint establishes that Plaintiff is the registered owner of the copyrights for several motion pictures. ECF No. 1, Ex. A. Plaintiff also avers that Defendant illegally obtained Plaintiff's copyrighted work through the use of the BitTorret protocol and thereafter illegally reproduced and distributed it. *Id*. at 3. Consequently, Plaintiff has alleged a prima facie case of copyright infringement which may withstand a motion to dismiss. In addition, Plaintiffs allege the geolocation technology traced the Defendant's IP address to a geographic area within the Court's jurisdiction. ECF No. 5, 6. Furthermore, while Plaintiff's motion does not address the issue of venue, its Complaint sufficiently alleges that venue is proper because although the true identity of the Defendant is unknown, the Defendant may be found within this district. *Complaint* (ECF No. 1,2).

### D. Whether Requested Discovery Will Lead to Identifying Information

While not a factor, the *Columbia Ins*. court also requires Plaintiff to demonstrate that the requested discovery will lead to identifying information about Defendants that would make service of process possible. 185 F.R.D. at 580. The Court finds that Plaintiff has adequately satisfied this inquiry. Plaintiff's motion indicates that the only way to correlate the IP address that its investigator revealed is through the specific ISP. As such, a Rule 45 subpoena requiring the ISP to provide Plaintiff with the true name and address of the Defendant to whom the IP address belongs would lead to information that would make service of process possible.

### **CONCLUSION**

For the reasons discussed herein, the Court finds that Plaintiff has met its burden of showing good cause. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference (ECF No. 5) is **granted**, as follows:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Doe Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint (ECF No. 1-1). Plaintiff may not subpoena additional information.

2. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order. The ISP shall, in turn, comply with 47 U.S.C. § 551(c)(2)(B), by sending a copy of this Order and the required notice to Doe Defendant.

3. Within 14 calendar days after service of the subpoena, the ISP shall notify the Defendant that its identity has been subpoenaed by Plaintiff. The Defendant whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena.

4. If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other challenge is brought, the ISP shall preserve

the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

    5.   Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the sole purpose of enforcing Plaintiff's rights as set forth in its Complaint.

Dated this 20th day of February, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE